W. W. CARRE CO., LTD., v. DI CARLO

---

(November 18, 1929. Opinion and Decree.)

---

Buck, Walshe & Buck, of New Orleans, attorneys for plaintiff, appellee.

O. S. Livaudais, of New Orleans, attorney for defendant, appellant.

JANVIER, J. This is a suit on a promissory note which was given to cover the balance due on an open account. In the petition judgment is asked for $448.13, less a credit of $200, and it is admitted in the petition that the $200 is made up of payments as follows:

| | |
|---|---|
| 9/4/24—cash | $ 50.00 |
| 7/7/25—cash | 50.00 |
| 10/20/25—cash | 50.00 |
| 12/16/25—cash | 25.00 |
| 11/4/26—cash | 25.00 |
| | $200.00 |

It appears that the payments referred to were made by check, and on production of the checks the dates of the respective payments admitted in the answer were shown to be erroneous, the check in each instance being one year later than the date shown in the answer. Defendant seeks to take advantage of this and to claim that he has paid not only the $200 admitted in the answer, but $200 in addition, as represented by the checks.

We are quite well convinced, as was the trial judge, that $200 was all that was paid on account, and that the plaintiff's records were in error insofar as dates were concerned. Defendant relies entirely on the records of plaintiff and made no effort to produce affirmative proof showing the payments which he claims to have made.

This is manifestly a case for the application of the doctrine that the finding of the trial court will not be reversed where only facts are involved, unless that finding is manifestly erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.